## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | |
|---|---|
| CHANSE T. STARR, | |
| Plaintiff, | |
| v. | CAUSE NO.: 1:19-CV-120-HAB-SLC |
| MELAINE CORK, et al., | |
| Defendants. | |

## OPINION AND ORDER

Chanse T. Starr, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983 against two Allen County probation officers, the Allen County Probation Department, and the Commissioners of Allen County after his probation was revoked. (Compl., ECF No. 1.)

Pursuant to 28 U.S.C. § 1915A, the Court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The Court applies the same standard as when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603.

Nevertheless, a *pro se* complaint must be liberally construed "however inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Starr alleges that, on March 14, 2012, he was sentenced to a term of incarceration to be followed by three years of probation. He was released on June 9, 2014, and his term of probation therefore should have ended on June 9, 2017. Yet, in September 2017, Starr was charged with public intoxication and Officer Melanie Cork and Officer April Winfield filed a report with the court indicating that Starr had violated his probation. The court revoked Starr's probation and sentenced him to four years of incarceration and an additional two years of probation. Starr sues the Defendants for money damages.

Starr's claims cannot proceed for several reasons. As an initial matter, Starr cannot proceed against the Allen County Probation Department because there is no general *respondeat superior* liability under 42 U.S.C. § 1983, and an employer cannot be held liable simply because it employed the individuals involved in this case. *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001).

Furthermore, it is unclear why Starr has included the Commissioners of Allen County in the caption of this case, as he does not explain how they caused his probation to be revoked in the body of his complaint. In fact, it is not entirely clear that Starr intended to include the Commissioners of Allen County as a defendant in this action. What is clear is that he has not alleged facts that state a claim against them.

Additionally, Starr has not stated a plausible constitutional claim against Officer Cork or Officer Winfield. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff

must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). While Starr generally complains that Officer Cork and Officer Winfield did not perform their jobs as expected, he does not identify any specific federal constitutional right that their actions violated. Nor do these allegations call to mind the violation of any such right. And, even if they did, the most Starr alleges is that the Defendants' conduct was negligent. Mere negligence on the part of a government official, however, does not violate the Constitution. *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004). Thus, as plead, the complaint does not allege any plausible constitutional claim.

Further, to the extent there is a plausible constitutional claim in the complaint, it would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held:

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id*. at 486–87. In other words, a § 1983 claim is not cognizable when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. at 487. Thus, Starr cannot proceed under § 1983 until he shows that his probation revocation and resulting incarceration have been invalidated. *See, e.g., Antonelli*

*v. Foster*, 104 F.3d 899, 901 (7th Cir. 2001) (recognizing that *Heck* applies to a civil rights suit premised on the invalidity of confinement pursuant to parole revocation).

Here, although Starr claims that his term of probation had already expired and was therefore wrongfully revoked, there is no indication from the complaint that his probation revocation has been vacated or that his resulting incarceration has otherwise been invalidated. Nor is it plausible to arrive at such a conclusion as Starr is still incarcerated. Unless and until that occurs, he cannot seek damages for any alleged wrongful incarceration. Because it appears implausible that Starr's probation revocation or resulting imprisonment has been invalidated, the complaint does not state a claim.

Starr has sought a restraining order against the defendants, but because his complaint does not state a claim, that motion must be denied.

While Starr's complaint does not state a claim, if his probation revocation and resulting imprisonment have been set aside, he needs to file an amended complaint providing that additional information and addressing the other deficiencies noted in this Order. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

For these reasons, the Court:

(1) DENIES Chanse T. Starr's Motion for Protective Order/Restraining Order [ECF No. 8];

(2) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint form and send it to Chanse T. Starr;

(3) GRANTS Chanse T. Starr until **June 24, 2019**, to file an amended complaint; and

(4) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed without prejudice.

SO ORDERED on May 22, 2019.

 s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT